UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DAMIAN A. WILK, | : |
| Plaintiff | : |
|  | : No. 1:07cv01257 (RJL) |
| v. | : |
| DISTRICT OF COLUMBIA, | : |
| Defendant. | : |

DEFENDANT'S ANSWER TO THE COMPLAINT

Defendant District of Columbia, by and through the Office of the Attorney General for the District of Columbia, hereby responds to the Complaint with particularity and in like-numbered paragraphs as follows:

Introduction

This paragraph contains conclusions of law and, therefore, no response is required.

Parties

1. The District has insufficient information to admit or deny the allegations contained in paragraph 1.

2. The District admits the allegations in the first sentence of paragraph 2. The District admits that the District of Columbia Fire and Emergency Medical Services Department (DCFEMS) is a subordinate agency of the District of Columbia but denies that DCFEMS is an "employer" within the meaning of 42 U.S.C. §2000e (b).

Jurisdiction and Venue

3.  The District has insufficient information to admit or deny the allegations contained in paragraph 3.

4.  The District has insufficient information to admit or deny the allegations contained in paragraph 4.  To the extent that an answer is required, the District denies the allegations.

5.  The District admits the existence of the statutory authority cited in paragraph 5, but denies that jurisdiction is necessarily conferred solely by reason thereof.

6.  The District admits the existence of the statutory authority cited in paragraph 6, but denies that venue is necessarily conferred solely by reason thereof.

### Statement of the Case

7.  The District has insufficient information to admit or deny the allegations contained in paragraph 7.

8.  The District denies the allegations contained in paragraph 8

9.  The District denies the allegations contained in paragraph 9.

### Causes of Action

### Count I: 42 U.S.C. §1981 Violation

10. The District repeats and reasserts its answers to paragraphs 1-9 and incorporates them herein by reference.

11. Paragraph 11 contains legal conclusions and, therefore, no answer is required.  To the extent that an answer is required the District denies any wrongdoing.

12. The District denies the allegations contained in paragraph 12.

Count II: 42 U.S.C. §2000e Violation

13. The District repeats and reasserts its answers to paragraphs 1-12 and incorporates them herein by reference.

14. Paragraph 14 contains legal conclusions and, therefore, no answer is required. To the extent that an answer is required the District denies any wrongdoing.

15. The District denies the allegations contained in paragraph 15.

Any allegation not specifically answered above is denied.

## AFFIRMATIVE DEFENSES

### First Defense

Plaintiff has failed to exhaust his administrative remedies.

### Second Defense

Plaintiff has failed to state a claim upon which relief can be granted.

### Third Defense

Plaintiff may have failed to initiate this suit within 90 days of the issuance of a right to sue letter.

### Fourth Defense

Plaintiff's claims may be barred by the applicable statute of limitations.

### Fifth Defense

Plaintiff was not the most qualified person for the position of Deputy Fire Chief.

### Sixth Defense

Plaintiff was only in a temporary position and, therefore, Plaintiff was not subjected to an adverse action.

### Seventh Defense

The decision to return Plaintiff to his position as a Battalion Fire Chief was a business decision.

### Eighth Defense

The decision to return Plaintiff to his position as a Battalion Fire Chief was not motivated by race.

### Ninth Defense

The District does not have a custom or practice of recruiting, hiring, promoting, demotion and/or disciplining its employees on the basis of race.

### Tenth Defense

Plaintiff has failed to state a claim under 42 U.S.C. Section 1981.

### Eleventh Defense

Plaintiff's claims are barred under the doctrine of sovereign immunity, discretionary function, qualified immunity, privilege and/or official immunity.

### Twelfth Defense

Any action done by the District against plaintiff was for good cause and not "because of" his race.

### Thirteenth Defense

The District denies any intentional conduct against plaintiff "because of" his race.

### **SET-OFF**

The District of Columbia claims a set-off for any debts plaintiff owes to it and for any benefits it may have given or conferred upon plaintiff, including, without limitation, unpaid taxes, health and hospital care, the cost of any care or treatment of plaintiff

4

rendered or paid for by the Defendant through any means, Medicare or Medicaid, AFDC, GPF or any other benefit.

## JURY DEMAND

The District demands a trial by the maximum number of jurors permitted by law of all issues so triable.

**WHEREFORE**, having fully answered, Defendant respectfully urges the Court to dismiss the Complaint with prejudice.

Respectfully submitted,

LINDA SINGER
Attorney General for the
District of Columbia

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division


/s/NICOLE L. LYNCH/s/
NICOLE L. LYNCH [471953]
Chief Civil Litigation Division Section II

/s/David A. Jackson/s/
DAVID A. JACKSON [471535]
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, NW, 6 South
Washington, D.C. 20001
Direct Line: (202) 724-6618
Facsimile: (202) 727-3625
E-mail: davida.jackson@dc.gov